

2009 Decisions

**Opinions of the United
States Court of Appeals
for the Third Circuit**

12-18-2009

# Certain Underwriters at Lloyds v. Bunker Hill View Guest House I

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1295

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Certain Underwriters at Lloyds v. Bunker Hill View Guest House I" (2009). *2009 Decisions.* Paper 69.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/69

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1295
_____

CERTAIN UNDERWRITERS AT LLOYD'S LONDON
SUBSCRIBING TO POLICY NO. CPG  1239

v.

BUNKER HILL VIEW GUEST HOUSE INC,
A/K/A Angela Rawlins,
D/B/A Bunker Hill Hotel,

Appellant
_____

On Appeal from the District Court of the Virgin Islands
(D.C. Civil Nos. 3-08-cv-00026, 3-08-cv-00027 )
District Judge:  The Honorable Curtis V. Gomez
_____

Submitted Under Third Circuit LAR 34.1(a)
December 3, 2009

Before: McKEE, FUENTES, and NYGAARD, Circuit Judges.


Filed: December 18, 2009
_____

OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the order of the District Court.

Lloyd's of London issued a commercial general liability policy to Angela Rawlins d/b/a Bunker Hill Hotel. The policy contained general liability provisions that covered bodily injuries or property damage caused by an occurrence within the coverage territory. Among the endorsements modifying the policy was one that stated that the insurance policy does not apply to assault and battery, regardless of intent, or any act or failure to prevent or suppress such assault and battery or physical altercation "caused by the insured, an employee, a patron or any other person." The policy also excluded damages arising out of "allegations of . . . any act, error or omission relating to such assault and/or battery or physical altercation."

Lloyd's filed a declaratory judgment action, and the instant summary judgment motion, to establish that it did not have a duty to defend the insured in actions brought by a representative of Sherrit James, deceased, and Daren Stevens who had rented a room at the hotel. Our review is plenary. *Torretti v. Main Line Hospitals, Inc.*, 580 F.3d 168, 172 (3d Cir. 2009).

The underlying suits arose from the murder of James and the gunshot wounds sustained by Stevens when they were in their room at the hotel. The murder and wounds were at the hand Joel Dowdye, a former police detective, who was previously in a

2

relationship with James. The complaints allege negligence against the hotel, its employees and agents. Specifically, the complaints assert that the hotel negligently allowed Dowdye into the hotel, told him the room in which Stevens and James could be found, and failed to warn Stevens and James that Dowdye was on the premises.

The District Court determined that the policy language expressly excludes the liability asserted in the underlying case against the Bunker Hill Hotel. As a result, the District Court ruled in favor of Lloyd's, establishing that it does not have a duty to defend the insured against the liability asserted by Stevens and the representative of James. After a thorough review of the record, we agree with the District Court's ruling.

Therefore, for essentially the same reasons expressed by the District Court we will affirm the order.